UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURA C. WAMPLER, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:10-cv-01136-TWP-DML |
| D SCOTT CARRUTHERS, ATTORNEY AT LAW, | ) |
| Defendant. | ) |

DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff Laura C. Wampler's (Plaintiff) Motion for Entry of Default Judgment (Dkt. 14) on a Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") claim. Plaintiff alleges that Attorney D. Scott Carruthers ("Carruthers") violated the FDCPA by sending her a collection letter on June 5, 2010 for a debt allegedly owed to Huntington National Bank, after she had filed for bankruptcy relief under Chapter 7 of the U.S. Bankruptcy Code, on March 30, 2010. Plaintiff seeks a total award of $3,950.00 in attorney fees, $395.00 in costs and filing fees and $1,000.00 in statutory damages. The Court, having noted the Defendant has failed to appear or otherwise respond in this action despite being properly served, now enters a judgment by default against the Defendant and in favor of Plaintiff as set forth below.

Default was properly entered by the Clerk of Court. The grounds for the default-Carruthers failure to file an answer or other responsive pleading within 20 days of being served with the summons and Complaint-are clearly established. Furthermore, there is no indication that the default was caused by a good faith mistake or excusable neglect. A default judgment is

warranted based upon Carruthers' failure to defend the action.

Plaintiff testified that she suffered no actual damages and in her Motion, she seeks only statutory damages. In determining whether statutory damages are appropriate, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *15 U.S.C. § 1692k(b)(1).* The Court may allow up to $1,000.00 for statutory damages. Plaintiff testified that Carruthers' collection efforts consisted of his sending the single letter. There were no frequent and persistent contacts or persistent and improper threats of legal action, which justify the maximum statutory fee, therefore, the Court will award $200 in statutory damages.

With respect to Plaintiff's claim for actual attorney's fees of $3,950.00 (according to the attorney time sheet, Exh.D.2) and costs of $395.00, counsel has provided an itemized statement of his fees and the costs of filing the Complaint. *Title 15 U.S.C. § 1692k(b)(1)* provides that "in the case of any successful action to enforce the foregoing liability, [a debt collector is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court." *See Tolentino v. Friedman,* 46 F.3d 645, 651-52 (7th Cir.1995).

The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA. *See Gastineau v. Wright,* 592 F.3d 747, 748-49 (7th Cir.2010); *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.,* 574 F.3d 852, 856-57 (7th Cir.2009). The starting point is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Gastineau,* 592 F.3d at 748 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). If necessary, the court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public

interest advanced by the litigation." *Gastineau,* 592 F.3d at 748 (quoting *Schlacher,* 574 F.3d at 856-57). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.,* 177 F.3d 593, 597 (7th Cir.1999) (quoting *Bankston v. Illinois,* 60 F.3d 1249, 1256 (7th Cir.1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 550-59 (7th Cir.1999).

The Court finds that counsel's rate for his fee is reasonable, however the number of hours spent on certain matters is found to be unreasonable. Counsel assesses his hourly rate not only for reviewing documents and pleadings, but also for the mere receipt of items such as the "green card" and "copy of summons from the court". Further, the difficulty of this case and the particular tasks are minimal. That being said, the Court finds a reasonable attorney fee to be the sum of $3,700.00.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a judgment be entered against the Defendant and in favor of Plaintiff in the amount of $200.00 for statutory damages, $3,700.00 for attorneys fees and $395.00 for costs and filing fees for a total of award of $4,295.00.

Date: 08/12/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Laura A. Briggs, Clerk

BY: _____
Deputy Clerk, U. S. District Court

Distribution:

John Steinkamp
6229 South East Street, Suite A
Indianapolis, IN 46227

D. Scott Carruthers
8448 Katella Avenue
Stanton, CA 90680